**Philip POLITICO, Plaintiff,**

**v.**

**PROMUS HOTELS, INC. d/b/a Embassy Suites, Felcor Suites Hotel, Inc. d/b/a Embassy Suites, Embassy Suites # 9530, Defendants.**

**No. 98 CV 7678.**

United States District Court,
E.D. New York.

March 18, 1999.

Raymond J. Lynch, Staten Island, New York, for plaintiff.

Anne D. Pope, New York City, (Samuel A. Almon, of counsel), for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendants removed this personal injury action from the Supreme Court of the State of New York, County of Richmond and placed it within the diversity jurisdiction of this court. By oral order after hearing arguments on January 22, 1999, and by written order signed January 25, 1999, the court granted defendants' motion that the court direct plaintiff to re-plead the complaint to remove references to insurance coverage and to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The court received a "Superseding Complaint at the Directive of the Court" signed by plaintiff's counsel on January 22, 1999. The amended complaint was not in compliance with Rule 8, and on February 11, 1999 the court once again ordered plaintiff's counsel to re-plead the complaint in accordance with Rule 8.

Plaintiff's counsel submitted an amended complaint dated February 25, 1999, and the court finds that it, too, is wholly unacceptable as a pleading in Federal court. The court will thus order plaintiff's counsel once again to re-plead the complaint to conform to Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 provides that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The short and plain requirement serves the function of pleadings under the Federal Rules, which is to give fair notice of the claim to the adverse party. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1281 (1990). An allegation of negligence, stating simply and concisely the facts of the negligent behavior, is sufficient to give notice of the type of claim presented. *Century '21' Shows v. Owens*, 400 F.2d 603, 607 (8th Cir.1968).

The complaint should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond. The statements should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 Wright & Miller, § 1281. It is simply not fair to the court or to the defendant to require a pleading in response to the amended complaint which plaintiff has submitted. A complaint should not be a preview of counsel's argument to the jury at the end of the case.

The complaint should not plead evidence. Such information is available through

discovery. *Geisler v. Petrocelli,* 616 F.2d 636, 640 (2d Cir.1980).

Mentioning affirmative defenses such as contributory negligence is unnecessary in a complaint. *See* Fed.R.Civ.P., Advisory Committee Notes, 1963 amendment, Form 9 (1998).

■ Plaintiff's amended complaint is anything but concise. Most of the verbiage could be deleted because it pleads evidence. Moreover, the amended complaint is needlessly repetitive.

■ A complaint should avoid unnecessary facts, descriptive terms, and repetitions. It should not use argumentative language, or characterizations such as "cynical," "haughtily," or "much too little too late." The guiding principle should be to give clear notice of each claim to enable the defendant to respond to each claim.

■ The complaint should, as much as possible, avoid multiple allegations per paragraph. Though paragraphs containing single allegations are not mandated by the Federal Rules of Civil Procedure 10(b), *see* 5 Wright & Miller, § 1324, given the stubbornly prolix nature of plaintiff's complaint, the court repeats the directions it gave in its previous order: "plaintiff's counsel is directed to plead the allegations in separately numbered paragraphs, each containing a single allegation of which the defendant will either admit or deny, and each allegation stated in the simple, direct, and concise language required by Rule 8."

To assist plaintiff's attorney, the court is enclosing a copy of a sample pleading in a negligence case taken from 2 James Wm. Moore, *Moore's Manual—Federal Practice Forms,* Form No. 10:86G (1998). The court also recommends that plaintiff's attorney study William Strunk, Jr. & E.B. White, *The Elements of Style* (3d ed.1979).

Plaintiff's attorney is hereby ordered to re-plead the complaint dated February 25, 1999 in accordance with this Memorandum and Order. Plaintiff is to serve the amended complaint by April 12, 1999.

So ordered.